IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

VERONICA B. D'ANTIGNAC,       *
                              *
        Plaintiff,            *
                              *
        v.                    *          CV 110-116
                              *
DEERE & COMPANY, d/b/a JOHN   *
DEERE COMMERCIAL PRODUCTS,    *
INC., and ALFREDO RENZI.      *
                              *
        Defendants.           *

_____

O R D E R

_____

Presently pending before the Court is Plaintiff's Motion
for New Trial and Reconsideration.   (Doc. no. 86.)   For the
reasons stated below, this motion is **DENIED**.


I. BACKGROUND

On March 13, 2013, the Court granted Deere & Company's
motion for summary judgment.  (Doc. no. 78.)  A complete factual
and procedural background can be found in that Order.  (See id.
at 1-6.)   The Court concluded that Plaintiff's employment
discrimination claims were barred by the doctrine of judicial
estoppel because Plaintiff intentionally failed to disclose them
during her bankruptcy proceeding.  (Id. at 25.)  Now, Plaintiff

moves for reconsideration of the Court's Order granting summary judgment.[1]

## II. DISCUSSION

### A. Applicable Rule

Plaintiff moves for a new trial and reconsideration pursuant to Federal Rules of Civil Procedure 59(a), 59(e), and 60. (Doc. no. 87-1 at 1.) Rule 59(a) applies "after a jury trial" or "after a nonjury trial." See Fed. R. Civ. P. 59(a)(1),(2). As there was no trial in this case, Rule 59(a) is inapplicable. Depending on the timing of a motion for reconsideration, it is governed by either Rule 59(e) or Rule 60. See Rivero v. Taylor, 465 Fed. Appx. 839, 840 (11th Cir. 2012) (holding that motions filed within twenty-eight days of the entry of judgment are governed by Rule 59(e), whereas later motions are governed by Rule 60). Here, Rule 59(e) governs

---

[1] First, Plaintiff filed a "Motion to File Brief with Excess Pages" (doc. no. 86), along with a "Brief in Support of Motion for New Trial and Reconsideration" that was within the 26-page limit provided by Local Rule 7.1 (doc. no. 86-1). Plaintiff then filed a second "Motion to File Brief with Excess Pages" (doc. no. 87), along with a "Brief in Support of Motion for New Trial and Reconsideration" that was in excess of the 26-page limit provided by Local Rule 7.1 (doc. no. 87-1). Thereafter, Plaintiff filed a "Motion to Amend Motion" to change the title of the first motion to "Motion for New Trial and Reconsideration." (Doc. no. 88.)

Plaintiff's "Motion to Amend Motion" (doc. no. 88) is hereby **GRANTED**, and the Clerk is **DIRECTED** to change the docket title of Document No. 86 to "Motion for New Trial and Reconsideration." Further, Plaintiff's "Motion to File Brief with Excess Pages" (doc. no. 87) is hereby **GRANTED**, and the Court will fully consider the 31-page brief (doc. no. 87-1) in ruling on the "Motion for New Trial and Reconsideration."

because Plaintiff's motion was filed within twenty-eight days of the entry of judgment. (See Doc. nos. 79, 86, 87.)

**B. Legal Standard**

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No 2:09-CV-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013). "Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three grounds for reconsideration of an order: (1) the availability of new evidence; (2) an intervening change in controlling law; and (3) the need to correct clear error or prevent manifest injustice." Smith v. Augusta-Richmond Cnty., No. 1:10-CV-126, 2012 WL 1355575, at *2 (S.D. Ga. Apr. 18, 2012).

Reconsideration under Rule 59(e) is "an extraordinary remedy, to be employed sparingly." Id. at *1 (quotations omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (quotations omitted). "'Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.'" Id. (quoting Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). "Further, Rule 59(e) is not a vehicle

for rehashing arguments already rejected by the court or for refuting the court's prior decision." Id. (quotations omitted); see also Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quotations omitted)).

### C. Analysis

Plaintiff does not present any new evidence or identify any intervening change of controlling law that would support reconsideration. And though it is apparent that Plaintiff is merely trying to relitigate old matters and refute the Court's prior decision, the Court will construe Plaintiff's argument as an attempt to establish clear error or manifest injustice.

First, Plaintiff argues that it is unconstitutional to extinguish Plaintiff's "inalienable life and liberty interests, protected by Title VII" through judicial estoppel due to the limited jurisdiction of the Bankruptcy Court. (See Doc. no. 87-1 at 8-12.) Though Plaintiff's legal argument is rather convoluted and not entirely comprehensible, it is clear to the Court that it must be rejected. The Eleventh Circuit has, on numerous occasions, applied the doctrine of judicial estoppel and affirmed grants of summary judgment against plaintiffs pursuing Title VII claims that were not disclosed in bankruptcy. See, e.g., Robinson v. Tyson Foods, Inc., 595 F.3d 1269 (11th

Cir. 2010); <u>Casanova v. PRE Solutions, Inc.</u>, 228 Fed. Appx. 837 (11th Cir. 2007); <u>Barger v. City of Cartersville</u>, 348 F.3d 1289 (11th Cir. 2003); <u>De Leon v. Comcar Indus., Inc.</u>, 321 F.3d 1289 (11th Cir. 2003); <u>Burnes v. Pemco Aeroplex, Inc.</u>, 291 F.3d 1282, 1285 (11th Cir. 2002). Therefore, Plaintiff's argument presumes that these Eleventh Circuit precedents are unconstitutional and wrongly decided. As this Court lacks the authority to overrule the Eleventh Circuit, Plaintiff's argument regarding the constitutionality of judicial estoppel in this context does not warrant reconsideration.

Moreover, the Court carefully applied the above-referenced precedents in finding that Plaintiff (1) had a duty to disclose her employment discrimination claims to the Bankruptcy Court, (2) took inconsistent positions under oath, and (3) intentionally misled the Bankruptcy Court. (<u>See</u> Doc. no. 78 at 9-25.) Plaintiff argues that she had no duty to disclose her post-confirmation discrimination claims or at least that the duty was unclear during her bankruptcy proceeding. (<u>See</u> Doc. no. 87-1 at 14, 16-21.) However, as early as 2002 (years before her bankruptcy proceeding), the Eleventh Circuit held that a bankruptcy debtor "must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), and 541(a)(7). *The duty to disclose is a continuing one* that does not end once the forms are submitted to the bankruptcy court;

rather, a debtor must amend his financial statements if circumstances change." Burnes, 291 F.3d at 1286 (emphasis added). The duty to disclose continues "during the pendency of his Chapter 13 case," and until discharge because creditors and bankruptcy courts rely on a debtor's disclosure statements in determining whether to contest or approve a discharge, respectively. Id. at 1286, 1288.

Additional decisions rendered during the pendency of Plaintiff's bankruptcy proceeding reaffirmed this principle. See In re Waldron, 536 F.3d 1239, 1244 (11th Cir. 2008) (noting that the Eleventh Circuit "recognized a debtor's duty to disclose changes in his financial situation in Burnes," and "concluded that a debtor had a duty to amend his schedule of assets to disclose a complaint that he filed after his plan to pay his creditors had been confirmed," in Ajaka v. BrooksAmerica Mortgage Corp., 453 F.3d 1339, 1344 (11th Cir. 2006)); Casanova, 228 Fed. Appx. at 841 (holding that plaintiff was required to disclose an EEOC charge filed "before or during the pendency of his bankruptcy petition" to the bankruptcy court).

Additionally, the Court emphasizes that it applied the multifactor test recognized by the Eleventh Circuit *to the particular circumstances of this case* in determining that Plaintiff's discrimination claims were barred. (See Doc. no. 78 at 9-25.) The Court did not apply a per se rule, as alleged by

6

Plaintiff (doc. no. 87-1 at 16), because the Eleventh Circuit eschews "inflexible" rules in applying judicial estoppel. Burnes, 291 F.3d at 1285-86. Furthermore, Plaintiff's attempt to distinguish the Eleventh Circuit's precedents from the circumstances of this case does not persuade the Court that its prior Order was wrongly decided and certainly fails to show any clear error or manifest injustice. (See Doc. no. 87-1 at 21-29.)

Lastly, in Plaintiff's reply brief, she raises an argument regarding the viability of injunctive relief. (See Doc. no. 92 at 2-8.) In its prior Order, the Court recognized that "[t]he Eleventh Circuit has limited the application of judicial estoppel to claims for monetary relief and allowed the debtor's undisclosed claims for injunctive relief to proceed because a claim for injunctive relief generally will not add value to the bankruptcy estate even if properly disclosed." (Doc. no. 78 at 25 n.7.) The Court determined that Plaintiff was seeking only monetary damages. (Id.)

Now, Plaintiff argues that she was pursuing injunctive relief all along. However, in response to Deere & Company's motion for summary judgment, Plaintiff never contended that she was pursuing injunctive relief untouchable by the doctrine of judicial estoppel. Much to the contrary, in Plaintiff's response to Deere & Company's statement of material facts, Plaintiff unambiguously stated that it was "undisputed" that

7

"plaintiff seeks only recovery for damages in the present action."[2] (Doc. no. 64 at 32.) This is yet another example of Plaintiff "deliberately changing positions according to the exigencies of the moment." Burnes, 291 F.3d at 1285. And it is simply too late for Plaintiff to change her position on injunctive relief. A motion for reconsideration cannot be used to raise arguments that could and should have been raised prior to the entry of judgment. Arthur, 500 F.3d at 1343; Smith, 2012 WL 1355575, at *1.

Plaintiff presents a number of other arguments, but the Court need not address them here. Most are shameless attempts to rehash arguments already rejected by the Court. Others have no basis in the law applicable to this case. In summary, Plaintiff has not established that reconsideration is necessary to correct clear error or prevent manifest injustice.

## III. CONCLUSION

Based on the foregoing, Plaintiff's Motion to Amend Motion (doc. no. 88) is **GRANTED**, and the Clerk is **DIRECTED** to change the docket title of Document No. 86 to "Motion for New Trial and Reconsideration." Plaintiff's Motion to File Brief with Excess Pages (doc. no. 87) is **GRANTED**, and the Court fully considered

---

[2] All facts set forth in a movant's statement of material facts "will be deemed to be admitted unless controverted" by the nonmovant. S.D. Ga. L.R. 56.1.

the 31-page brief attached thereto.   Plaintiff's Motion for New

Trial and Reconsideration (doc. no. 86.) is **DENIED**.

   **ORDER ENTERED** at Augusta, Georgia, this _5th_ day of

December 2013.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA